Michael N. Zachary (SBN 112479)
mzachary@bdiplaw.com
Nicholas S. Mancuso (SBN 271668)
nmancuso@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone:  (650) 351-7248
Facsimile:   (650) 351-7253

*Attorneys for Plaintiff
Larry G. Philpot*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>Plaintiff,<br><br>v.<br><br>LYNYRD SKYNYRD PRODUCTIONS, INC.,<br><br>Defendant. | CASE NO. 2:18-cv-7330<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT**<br><br>JURY TRIAL DEMANDED |

COMPLAINT                                                                                         CASE NO. 2:18-cv-7330

# COMPLAINT

Larry G. Philpot ("Mr. Philpot" or "Plaintiff") complains against defendant Lynyrd Skynyrd Productions, Inc. ("Lynyrd Skynyrd" or "Defendant") as follows:

1. Mr. Philpot is a professional photographer who has taken many well-known and sought after photographs of musicians live in concert. Defendant Lynyrd Skynyrd has used Mr. Philpot's photograph of musician Jerry Lee Lewis for its own commercial gain, without Mr. Philpot's permission and with the photograph's copyright management information stripped. As such, Lynyrd Skynyrd is liable to Mr. Philpot for damages for copyright infringement and violations of the Digital Millennium Copyright Act.

## JURISDICTION AND VENUE

2. This civil action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq*, and under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 *et seq*. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28 U.S.C. § 1338.

3. This Court has personal jurisdiction over Lynyrd Skynyrd by virtue of the fact that it transacts and does business in California. Upon information and belief, Lynyrd Skynyrd maintains a business and mailing address in, and has officers located in, Encino, California. Lynyrd Skynyrd performs concerts in cities across California and its management company and booking agent maintain offices in California. A substantial part of the relevant events alleged in this Complaint occurred in California.

4. Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Lynyrd Skynyrd transacts, does business, and performs concerts in this District; maintains a business address, mailing address, and officers in this District; utilizes a management company and booking agent with offices in this District; and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5. Mr. Philpot is a professional photographer whose work focuses exclusively on concert events across the United States. Mr. Philpot resides in Indianapolis, Indiana. Mr. Philpot's photographs of leading concert performers are known for their high quality and acuity.

6. On information and belief, Defendant Lynyrd Skynyrd is a Florida corporation with a business address, mailing address, and officers located at 15821 Ventura Blvd., #270, Encino, California 91436. Defendant utilizes Vector Management as its management company, which has an office in Los Angeles, California, and William Morris Endeavor as its booking agent, which has an office in Beverly Hills, California.

7. Lynyrd Skynyrd is a popular Southern rock band that has been touring and making music for decades. As of the date of this Complaint, the band is currently in the middle of its final tour, the Last of the Street Survivors Farewell Tour (the "Farewell Tour"). The Farewell Tour consists of fifty-three (53) performances in cities across the United States and in Mexico, including stops in Chula Vista, Mountain View, and San Bernardino, California.

## FACTS COMMON TO ALL COUNTS

8. On April 30, 2011, Mr. Philpot took a photograph of entertainer Jerry Lee Lewis in performance in Memphis, Tennessee (the "Lewis Photograph"). The photograph is an original work that is copyrighted under United States law and was registered with the United States Copyright Office on May 17, 2013 with the Certificate Number VAu 1-164-648. Plaintiff's registration is attached hereto as **Exhibit A**.

9. Mr. Philpot has been and is the sole owner of the copyright in the Lewis Photograph. Mr. Philpot uploaded the Lewis Photograph on October 4, 2013 to the Wikimedia website at the following URL:

https://commons.wikimedia.org/wiki/File:Jerry_Lee.jpg.  The Lewis Photograph from Wikimedia is attached as **Exhibit B**.

10.     Mr. Philpot agreed to make the Lewis Photograph available through the website Wikimedia for reproduction, distribution, and public performance of the photograph and adaptations, solely under and pursuant to the terms of the Creative Commons Attribution-ShareAlike 3.0 Unported license (the "CC 3.0 License"). The terms of the CC 3.0 License require the licensee to keep intact all copyright notices for the work and to provide attribution to the author if the work, or an adaptation, is distributed or publicly performed.  Mr. Philpot requires that the photograph be attributed to him as part of the license.  Screenshots of the license and attribution requirements, taken on August 16, 2018, are attached as **Exhibit C**. The requirements have been in effect since Mr. Philpot first uploaded the photograph to Wikimedia.

11.     On the Wikimedia website the Lewis Photograph contains copyright management information (CMI), including metadata, which indicates that Mr. Philpot is the author of the photograph, that the photograph must be attributed to Mr. Philpot, and that the photograph is copyrighted by Mr. Philpot.

12.     Defendant has infringed Mr. Philpot's copyright by reproducing, publicly displaying, and publicly distributing the Lewis Photograph as part of the Farewell Tour, without authorization or proper attribution as required under the terms of the applicable license.  On information and belief, Lynyrd Skynyrd used the Lewis Photograph in the first twenty-two (22) of its Farewell Tour performances (including its three California performances) as part of a video montage that accompanied the musical performances.  Lynyrd Skynyrd did not receive permission from Mr. Philpot to use the photograph, nor did it provide proper attribution to Mr. Philpot with the photograph.  Defendant has also contributed to infringement of the Lewis Photograph by enabling concert attendees, including professional photographers and videographers, to take photographs and videos of

the concerts and disseminate the recordings to others.  On June 23, 2018, a video recording of Defendant's infringement was posted to YouTube at the following URL (10:25 minute mark): https://www.youtube.com/watch?v=Y-GyW9-QE0g. The YouTube recording captures an individual with a professional video camera also recording the performance, including the display of the Lewis Photograph.  A screenshot of these infringements, taken on August 16, 2018, is attached hereto as **Exhibit D**.  Plaintiff discovered the infringement within three years prior to the filing of this Complaint.

13.     Lynyrd Skynyrd used the Lewis Photograph as part of its visual production for the Farewell Tour to enhance the concert performances, all for Defendant's financial gain.

14.     Defendant has reproduced, publicly distributed, and publicly displayed the Lewis Photograph with the DMCA copyright management information stripped from the photograph.

15.     On or about August 7, 2018, Mr. Philpot, through counsel, sent a cease and desist letter regarding the Lewis Photograph to Lynyrd Skynyrd at its Encino, California mailing address and to its registered agent in Florida.  A copy of the cease and desist letter is attached as **Exhibit E**.  A copy of the delivery confirmations are attached as **Exhibit F**.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement, 17 U.S.C. § 501**

16.     Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 15, above.

17.     Mr. Philpot is the owner of all rights, title, and interest in the copyright to the Lewis Photograph, which consists of material wholly original with Plaintiff and which is copyrighted subject matter under the laws of the United States.  Mr. Philpot has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  The Lewis Photograph has been timely

1  registered with the United States Copyright Office, including for purposes of
2  Plaintiff's recovery of attorneys' fees and statutory damages.

3  18.  Defendant has directly, vicariously and/or contributorily infringed Mr. Philpot's copyright in the Lewis Photograph by using the photograph as part of the Farewell Tour, thus reproducing, displaying publicly, and distributing to the public the photograph for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*, without attributing the photograph to Mr. Philpot and on information and belief, after removing and/or altering the photograph's identifying copyright management information and/or having knowledge of its removal and/or alteration, and by enabling concert attendees to further infringe the photograph.

11  19.  On information and belief, Defendant has willfully infringed Mr. Philpot's copyright in the Lewis Photograph by using the photograph as part of the Farewell Tour with knowledge that the photograph was protected by copyright and without attributing the photograph to Mr. Philpot, after taking the photograph from Wikimedia and/or other online locations which included copyright management information, including metadata, and removing and/or altering the copyright management information and/or having knowledge of its removal and/or alteration.

18  20.  As a result of Defendant's acts of copyright infringement as alleged herein, Plaintiff has suffered substantial damages in an amount to be established at trial.

20  21.  As a result of Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringements. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringements, in an amount to be established at trial.

25  22.  Plaintiff is informed and believes and thereon alleges that Defendant has committed the acts of copyright infringement alleged herein with actual knowledge or reckless conduct, thus acting in disregard to Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement and enhanced damages.

## SECOND CLAIM FOR RELIEF

## For Violations of the Digital Millennium Copyright Act,

## 17 U.S.C. §§ 1202 and 1203

23. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 22 above.

24. Plaintiff is informed and believes and thereon alleges that Defendant violated 17 U.S.C. §1202 et seq. by intentionally removing and/or altering the Lewis Photograph's identifying copyright management information without the authority of Mr. Philpot or the law, and/or by distributing the photograph with the identifying copyright management information removed and/or altered, knowing the same had been removed and/or altered without the authority of Mr. Philpot or the law, knowing or having reasonable grounds to know that such actions would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

25. Specifically, Plaintiff is informed and believes, and thereon alleges, that Defendant took the Lewis Photograph from Wikimedia and/or other online locations which included copyright management information, including metadata, and without the authority of Mr. Philpot or the law, removed and/or altered that copyright management information, and/or that Defendant took the photographs knowing that the copyright management information had been removed and/or altered without the authority of Mr. Philpot or the law, and used the photograph knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

26. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendant to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees.

27. Plaintiff is informed and believes and thereon alleges that Defendant's conduct as alleged herein was willful, reckless, and/or with knowledge, and that

Defendant acted knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that its actions would induce, enable, facilitate, or conceal an infringement of any right under this title, and that Defendant also acted knowingly and with the intent to induce, enable, facilitate, or conceal infringement, so that Plaintiff is entitled to seek enhanced damages and penalties.

28. As a result of Defendant's actions, Plaintiff has suffered substantial damages in an amount to be established at trial.

29. As a result of Defendant's actions, Defendant has obtained direct and indirect profits it would not otherwise have realized. Plaintiff is entitled to disgorgement of Defendant's profits, in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. That Defendant and its respective agents and employees and those acting in concert with them be enjoined from infringing Plaintiff's copyrights in any manner;

b. That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, plus any other monetary advantage gained by Defendant through its infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded damages for Defendant's violations of 17 U.S.C. § 1202, including all available damages under 17 U.S.C. § 1203;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

      g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Larry G. Philpot hereby demands trial by jury of all issues so triable under the law.

                                              Respectfully submitted,

Dated: August 21, 2018         By: /s/ Michael N. Zachary
                                           Michael N. Zachary (SBN 112479)
                                           mzachary@bdiplaw.com
                                           Nicholas S. Mancuso (SBN 271668)
                                           nmancuso@bdiplaw.com
                                           Hillary N. Bunsow (SBN 278719)
                                           hillarybunsow@bdiplaw.com
                                           **BUNSOW DE MORY LLP**
                                           701 El Camino Real
                                           Redwood City, CA 94063
                                           Telephone: (650) 351-7248
                                           Facsimile: (650) 351-7253

                                           *Attorneys for Plaintiff*
                                           *Larry G. Philpot*